UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL MAZUR,<br><br>                              Petitioner,<br><br>            -against-<br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | 24-cv-2963 (JSR) (RFT)<br><br>20-CR-0227 (JSR)<br><br>ORDER |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On April 18, 2024, Petitioner Michael Mazur moved this Court pursuant to 28 U.S.C. § 2255, to set aside or correct his sentence based upon alleged ineffective assistance of his prior counsel and requesting an evidentiary hearing on the issue (the "Motion") (ECF 96). On May 30, 2024, Respondent United States of America filed its opposition to the Motion (ECF 97), and Petitioner filed a reply in further support of the Motion on June 17, 2024 (ECF 98).

"It is well settled . . . that the assertion of a claim of ineffective assistance of counsel in a habeas petition constitutes a waiver of the attorney-client privilege." *Rudaj v. United States*, No. 04-CR-1110 (DLC), 2011 WL 2610544 (S.D.N.Y. June 13, 2011) (citing *United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (implicit waiver); *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (waiver when defendant asserts a claim that in fairness requires examination of protected communications)). This Court has in some habeas cases requested a declaration from the habeas petitioner's former counsel in connection with claims of ineffective assistance of counsel. *See, e.g.*, *Rivera v. United States,* No. 13-CR-424 (KMW), 2019 WL 1284271, at *1 (S.D.N.Y. Mar. 20, 2019) (ordering attorneys, against whom petitioner alleged ineffective assistance of counsel claims, to respond by affidavit to the allegations).

Dated: August 14, 2025
         New York, New York

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE